UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA STEELE,

        Petitioner,                      Case Number: 2:11-CV-12064

v.                                            HONORABLE GERSHWIN A. DRAIN
                                                UNITED STATES DISTRICT JUDGE

MILLICENT WARREN,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Patricia Steele filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Steele is a state prisoner in the custody of the Michigan Department of Corrections pursuant to convictions for operating a motor vehicle while intoxicated causing death, Mich. Comp. Laws § 257.625(4)(a), operating a motor vehicle while intoxicated causing serious impairment of a body function, Mich. Comp. Laws § 257.625(5), operating a motor vehicle while intoxicated, second offense, Mich. Comp. Laws § 257.625(9)(b), and transporting an open container of alcohol, Mich. Comp. Laws § 257.624a. She argues that her convictions were obtained in violation of her constitutional rights because the police and the prosecutor engaged in misconduct by: (i) failing to conduct a proper investigation; (ii) failing to endorse a *res gestae* witness and concealing the existence of that witness; (iii) fabricating evidence to obtain an arrest warrant; (iv) coercing a witness to falsify evidence; and (v) eliciting perjured testimony. Respondent argues that the claims are procedurally defaulted and meritless.

       The Court denies the petition.

## I. Background and Procedural History

Steele's convictions arise from a collision between her vehicle and another car on December 12, 2007, in Grand Traverse County. The collision killed the passenger in the other car, Gerald Frost, and seriously injured the driver, Elaine Frost. At trial, the defense conceded that Steele was driving while intoxicated and that her vehicle struck Frost's vehicle. The defense argued, however, that a third car caused the accident by striking Steele's vehicle and causing her to strike Frost's vehicle.

Steele was found guilty by a jury in Grand Traverse County Circuit Court of operating a motor vehicle while intoxicated (OWI) causing death, OWI causing serious impairment of a body function, OWI, second offense, and transporting an open container of alcohol. On May 16, 2008, the trial court sentenced Steele to 7 to 15 years' imprisonment for the OWI causing death conviction, 3 years, 4 months to 5 years' imprisonment for the OWI causing serious injury conviction, 1 year imprisonment for the OWI, second offense conviction, and 3 months' imprisonment for the transporting an open container conviction.

Steele filed an appeal of right in the Michigan Court of Appeals. She raised these claims (the first through counsel and the second in a *pro se* brief):

I.   The trial court abused its discretion denying Ms. Steel's motion for a continuance to have her expert evaluate the scene after the snow melted, which deprived her of her constitutional right to present a defense and was not harmless where multiple prosecution witnesses had the benefit of being present immediately after the accident and where the people's witnesses were the exclusive collectors of evidence that was presented at trial.

II.  The police and the prosecution abused their office and authority throughout the investigation and at trial by not following up the accident with proper investigation, by not endorsing a *res gestae* witness, by

>omitting the existence of a *res gestae* witness and her exculpatory evidence, by suppressing a witness statement, by recording an interview with a neutral witness without her knowledge, by inciting and coercing a witness to falsify evidence and by putting a witness on the stand that they knew would commit perjury. Ms. Steele was deprived of her right to a fair trial as well as her Fourth and Fifth Constitutional rights.

The Michigan Court of Appeals affirmed Steele's convictions. *People v. Steele*, No. 285641, 2010 WL 99032 (Mich. Ct. App. Jan. 12, 2010). Steele filed an application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal. *People v. Steele*, 486 Mich. 1046 (June 28, 2010).

Steele then filed the pending habeas petition. She raises only the claim raised in her *pro per* brief in state court. Respondent has filed an answer in opposition.

## II. Standard

28 U.S.C. § 2254(d) provides:

>An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'"

3

*Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413). However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. \_\_, 131 S. Ct. 770, 789 (2011), (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See*

*Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### III. Discussion

#### A. Sufficiency of Police Investigation

Steele argues that her right to due process and a fair trial were violated because the police and prosecutor failed to sufficiently investigate the case. She alleges that police made little effort to investigate eyewitness statements regarding the possibility that a third vehicle was involved in the accident.

Respondent argues that this claim is procedurally defaulted. "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003), *citing Lambrix v. Singletary*, 520 U.S. 518, 525 (1997). "Judicial economy might counsel

5

giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. In this case, the Court finds that the interests of judicial economy are best served by addressing the merits of this claim. The Court makes the same finding with respect all of the claims Respondent argues are procedurally defaulted and reaches the merits of all Petitioner's claims.

The Michigan Court of Appeals, although finding the claim not properly preserved, nevertheless addressed the merits. The state court held that Petitioner's due process rights were not violated by the investigation. The state court reasoned that the record showed the police instigated the possibility of a third vehicle and simply found none. Additionally, the state court found the question of a third vehicle was explored at trial. *Steele*, 2010 WL 99032 at *2.

On habeas review, a court may grant relief for an inadequate investigation "only when the petitioner can show a deprivation of due process tantamount to a suppression of relevant evidence." *Owens v. Foltz*, 797 F.2d 294, 296 (6th Cir. 1986). Where the alleged inadequate investigation is at issue in the trial, the jury may consider the quality and thoroughness of the investigation in making a reasonable doubt determination. *Id.* The Due Process Clause requires that the State disclose to criminal defendants "evidence that is either material to the guilt of the defendant or relevant to the punishment to be imposed." *California v. Trombetta*, 467 U.S. 479, 485 (1984). Further, failure to preserve potentially useful evidence violates due process of law if a criminal defendant can show that the police acted in bad faith. *Arizona v. Youngblood*, 488 U.S. 51, 56-58 (1988). However, neither *Trombetta* nor *Youngblood* impose a duty

to *collect* evidence. *See Miller v. Vasquez*, 868 F.2d 1116, 1119 (9th Cir. 1988) ("Since, in the absence of bad faith, the police's failure to *preserve* evidence that is only potentially exculpatory does not violate due process, then a fortiori neither does the good faith failure to *collect* such evidence violate due process.").

Steele has not shown any failure to investigate that could be judged tantamount to a suppression of relevant evidence. Any perceived failures of the police investigation were adequately explored at trial. The Michigan Court of Appeals' conclusion that there was no due process violation was a reasonable one.

## B. *Res Gestae* Witness

Steele next argues that the police and prosecutor committed misconduct in their handling of witness Julie Gauthier. Gauthier witnessed the accident, gave a statement to police following the accident, and testified at trial. Steele's claim regarding Gauthier is somewhat convoluted, but she appears to argue that she was not advised of the content of Gauthier's statements (which she views as exculpatory) prior to the time scheduled for her preliminary examination. Steele waived her right to a preliminary examination. She argues that if Gauthier's statements had been disclosed prior to the time scheduled for the preliminary examination, she would not have waived her preliminary examination and that she would not have been bound over for trial because probable cause would not have been established.

There is no general constitutional right to a preliminary examination before trial. *See Gerstein v. Pugh*, 420 U.S. 103, 125 n. 26 (1975); *Harris v. Neil*, 437 F.2d 63, 64 (6th Cir.1971). A state court's failure to even hold a preliminary examination does not present a cognizable habeas claim. *See Scott v. Bock*, 241 F.Supp.2d 780, 793 (E.D.

7

Mich. 2003) (Lawson, J.). Similarly, a claim that the evidence offered at a preliminary examination was insufficient for a finding of probable cause is not cognizable on habeas review. *See David v. Lavinge*, 190 F.Supp.2d 974, 978 (E.D. Mich. 2002) (O'Meara, J.). Further, it is an "established rule that illegal arrest or detention does not void a subsequent conviction." *Gerstein*, 420 U.S. at 119 (*citing Frisbie v. Collins*, 342 U.S. 519 (1952); *Ker v. Illinois*, 119 U.S. 436 (1886)). Thus, "although a suspect who is presently detained may challenge the probable cause for that confinement, a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause." *Gerstein*, 420 U.S. at 119. Because Steele is now incarcerated pursuant to valid convictions, she cannot challenge the preliminary procedures employed prior to her trial.

Further, Steele has not shown that police or the prosecutor withheld any exculpatory evidence related to Gauthier's verbal and written statements to police. Gauthier testified at trial and defense counsel extensively cross-examined her regarding the content of those statements. Steele has failed to identify any piece of evidence related to Gauthier that was not disclosed to her prior to trial. Additionally, her claim that the police improperly recorded an interview with Gauthier does not implicate Steele's constitutional rights. Accordingly, she is not entitled to habeas relief on this claim

### C. Fourth Amendment Claim

Next, Steele alleges that the investigating police officers fabricated evidence regarding material facts in order to create probable cause to secure an arrest warrant.

The Supreme Court has held that "where the State has provided an opportunity

for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." *Stone v. Powell*, 428 U.S. 465, 494-95 (1976). The Sixth Circuit Court of Appeals utilizes a two-step analysis to determine whether a defendant was given a full and fair opportunity to litigate a Fourth Amendment claim in state court:

> First, the court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism.

*Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000) (internal quotations omitted).

"Michigan has a procedural mechanism which presents an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim." *Robinson v. Jackson*, 366 F. Supp. 2d 524, 527 (E.D. Mich. 2005). This procedural mechanism is a motion to suppress, ordinarily filed before trial. *See People v. Ferguson*, 376 Mich. 90 (Mich. 1965) (describing the availability of a pre-trial motion to suppress). Because Michigan provides a procedural mechanism for raising a Fourth Amendment claim, Steele may only demonstrate entitlement to relief if she establishes that presentation of her claim was frustrated by a failure of that mechanism. This she has not done.

Steele raised this issue on direct appeal. The Michigan Court of Appeals affirmed Steele's convictions, and the Michigan Supreme Court denied leave to appeal. Steele was provided an opportunity for full and fair litigation of her Fourth Amendment claim in the Michigan courts. Her disagreement with the state courts' rulings does not render the state's procedural mechanism inadequate. This claim is barred by the rule in

9

*Stone v. Powell.*

### D. Knowing Presentation of False Testimony

Finally, in her fourth and fifth claims, Steele argues that the prosecutor and police fabricated evidence and coerced witnesses to lie in an attempt to secure a conviction.

A false-testimony claim falls under the *Brady* disclosure doctrine, which requires the government to disclose evidence favorable to a defendant if it is "material either to guilt or to punishment." *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194 (1963). The "contours of [a false-testimony] claim were predominantly shaped by two Supreme Court cases: *Napue v. Illinois*, 360 U.S. at 269–72, 79 S.Ct. 1173, and *Giglio v. United States*, 405 U.S. 150, 153–54, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972)." *Brooks v. Tenn.*, 626 F.3d 878, 894 (6th Cir. 2010).

The Sixth Circuit has developed a three-part test for determining if the prosecution has committed a *Brady–Napue–Giglio* violation:

> The knowing use of false or perjured testimony constitutes a denial of due process if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury. In order to establish prosecutorial misconduct or denial of due process, the defendants must show (1) the statement was actually false; (2) the statement was material; and (3) the prosecution knew it was false. The burden is on the defendants to show that the testimony was actually perjured, and mere inconsistencies in testimony by government witnesses do not establish knowing use of false testimony.

*Id.* at 894-95, *quoting Coe v. Bell*, 161 F.3d 320, 343 (6th Cir.1998).

A false statement is material under this standard, and "[a] new trial is required[,] if the false testimony could in any reasonable likelihood have affected the judgment of the jury." *Giglio*, 405 U.S. at 154, *quoting Napue*, 360 U.S. at 271.

Steele alleges that police coerced Gauthier to lie about what she witnessed prior

to the accident. She argues that the police convinced Gauthier to change her statement, from one initially involving a third vehicle striking Steele's to one in which no third vehicle was involved. She also argues that sheriff's deputy Justin Revnell testified falsely about a prior incident involving Gauthier's vehicle. Deputy Revnell testified that three days before accident he had been dispatched to a nearby grocery store for an incident related to Steele. While there, he had the opportunity to observe her vehicle, the same one that was later involved in the fatal accident. He testified that, when he saw her vehicle in the grocery store parking lot, it had visible damage to its rear end. Deputy Revnell also responded to the fatal accident scene. He testified that, at the scene, the vehicle had the same pre-existing rear-end damage he previously observed. This evidence was used by the prosecution to rebut Steele's defense that her vehicle was struck in the rear by another vehicle, causing the accident. Steele also makes vague allegations about additional false testimony the prosecutor elicited and allowed to go uncorrected.

      Petitioner has highlighted some inconsistencies in Gauthier's testimony, but has failed to demonstrate that any of the testimony was false. In addition, defense counsel extensively cross-examined Gauthier about the involvement of a third vehicle and the possibility that her testimony had been influenced by the prosecutor and the victim's family. A prosecutor is not required to ensure that prosecution witnesses' testimony be free from all confusion, inconsistency, and uncertainty. In addition, while Steele finds incredible Deputy Revnell's testimony that her vehicle was damaged when he saw it three days before the accident, she has not shown that testimony to be false. Again, defense counsel thoroughly cross-examined Deputy Revnell about his report and

testimony. He fails to show that Deputy Revnell's testimony was false. Because Petitioner has not shown that any false testimony was presented, habeas relief is denied on these claims.

### IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

### V. Conclusion

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

/s/Gershwin A Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

DATE: September 29, 2014