**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PATRICIA STEELE,

Petitioner,

v.

Civil Action 11-12064
HONORABLE GERSHWIN A. DRAIN

MILLICENT WARREN,

Respondent.
_________________________________/

**ORDER DENYING THE PETITIONER'S MOTION FOR RECONSIDERATION [#24]AND DIRECTING THE CLERK OF THE COURT TO TRANSFER THE MOTION FOR A CERTIFICATE OF APPEALABILITY TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

On September 29, 2014, this Court denied the Petitioner's Application for a Writ of Habeas Corpus and further denied her a Certificate of Appealability. Petitioner has now filed a "Motion for Certificate of Appealability Reconsideration." For the reasons that follow, the Court will deny Petitioner's Motion for Reconsideration. The Court will further order that Petitioner's Motion for a Certificate of Appealability be transferred to the United States Court of Appeals for the Sixth Circuit.

Local Rule 7.1(h) allows a party to file a Motion for Reconsideration. *See* E.D. Mich. L.R. 7.1(h). However, a Motion for Reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *See* E.D. Mich. L.R. 7.1(h)(3)*; Ford Motor Co. v. Greatdomains.Com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001); *see also Williams v. McGinnis*, 192 F. Supp. 2d 757, 759 (E.D.

Mich. 2002). A Motion for Reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *See* E.D. Mich. L.R. 7.1(h)(3); *Williams*, 192 F. Supp. 2d at 759; *MCI Telecommunications Corp. v. Michigan Bell Telephone Co.*, 79 F. Supp. 2d 768, 797 (E.D. Mich. 1999). A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

Petitioner's Motion for Reconsideration will be denied because Petitioner is merely presenting issues which were expressly ruled upon when the Court denied Petitioner's habeas application and declined to issue a Certificate of Appealability. *See Hence v. Smith*, 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999).

This Court notes that the proper procedure when a district court denies a Certificate of Appealability is for the Petitioner to file a Motion for a Certificate of Appealability before the appellate court in the appeal from the judgment denying the petition for Writ of Habeas Corpus or the Motion to Vacate Sentence. *See Sims v. U.S.*, 244 F. 3d 509 (6th Cir. 2001)(citing Fed. R.App. P. 22(b)(1)). In light of the fact that this Court has already denied Petitioner a Certificate of Appealability, Petitioner should direct her request for a Certificate of Appealability to the United States Court of Appeals for the Sixth Circuit. The Court, in the interests of justice, will order that Petitioner's Motion for a Certificate of Appealability be transferred to the United States Court of Appeals for the Sixth Circuit.

**IT IS HEREBY ORDERED** that petitioner's Motion for Certificate of Appealability

Reconsideration [#24] is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of the Court transfer Petitioner's "Motion for Certificate of Appealability" [Dkt. # 24] to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

/s/Gershwin A Drain
**HON. GERSHWIN A. DRAIN**
UNITED STATES DISTRICT COURT

Dated: October 15, 2014